```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: April 26, 2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EVERYTOWN FOR GUN SAFETY SUPPORT FUND *et al.*,

                Plaintiffs,

-v-

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*,

                Defendants.

No. 21 Civ. 376 (ALC)

**PROTECTIVE ORDER**

---

WHEREAS, Plaintiffs Everytown For Gun Safety Support Fund, the City of Kansas City, Missouri, and the State of Illinois commenced the above-captioned matter (the "Action") on January 15, 2021, against Defendants Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and Regina Lombardo, the Acting Director of ATF (collectively, the "parties");

WHEREAS, the Court has entered a briefing schedule for the parties' anticipated cross-motions for summary judgment;

WHEREAS, the Government has applied to the Court to produce certain information contained on pages ATF 712-746 of the Administrative Record only after entry of a Protective Order in light of the law enforcement sensitive information contained therein as described in the Declaration of Megan A. Bennett filed April 23, 2021; and

WHEREAS, the Court has found good cause pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure for entry of this Protective Order;

IT IS HEREBY ORDERED THAT:

1. The information designated by the agency on pages ATF 712-746 of the Administrative Record for the Action shall be deemed Protected Information.

2. Protected Information may be used only for the purpose of litigating this Action.

3. No person shall be permitted to have access to the Protected Information, nor shall any person be informed of the substance of the Protected Information by any person permitted to have access thereto, except as provided in this Order, as otherwise agreed upon by the parties in writing, or by further order of the Court.

4. Protected Information shall not be disclosed or distributed to any person or entity other than the following:

    a. the attorneys for parties to the Action (including their paralegal, clerical, or other assistants);

    b. as to any document, its author, its addressee, and any other person indicated on the face of the document having received a copy;

    c. any person serving as an expert witness or otherwise providing specialized advice to counsel in connection with the Action;

    d. the courts and their support personnel in the Action.

   The parties agree that the categories of persons listed above may be subject to further modification.

5. To the extent that Protected Information is disclosed to persons described in subparagraph 4(c), they shall be provided with a copy of this Protective Order and restricted to using Protected Information only for purposes directly related to the Action.  Protected Information shall not be disclosed to any person or persons described under this subparagraph unless and until such person has been shown this Protective Order and has agreed in writing to be bound by its terms, by signing a copy of the attached Acknowledgment form. A copy of each executed Acknowledgment shall be

kept by counsel for the party on behalf of which disclosure is made, and provided to counsel for defendants with ten days of its execution.

6. The termination of the Action shall not relieve any person or party provided Protected Information of his, her, or its obligations under this Order.

7. All Protected Information that is filed with any Court, and any pleadings, motions, exhibits, or other papers filed with the Court, referencing or containing Protected Information, shall be filed under seal and kept under seal until further order of the Court. A redacted version of all such filings will be filed on the public docket.

8. Within 60 days of the resolution of the Action by settlement or final judgment, and the termination of any appeals therefrom, all Protected Information, and copies thereof, shall be promptly destroyed, provided that counsel may retain one complete set of any such materials that were presented in any form to the Court. Any such retained materials must be marked "Protected Information Subject to Protective Order" along with a copy of this Order.

9. Entry of this Order shall not prohibit the United States or any agency, department, officer, or employee thereof from using or disclosing Protected Information for any other purposes authorized by law. Entry of this Order does not prohibit subsequent disclosure of Protected Information directly to defendants or to counsel for defendants.

SO ORDERED:

Dated: New York, New York
April 26, 2021

_____
HONORABLE ANDREW L. CARTER
United States District Judge