

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 23, 2021

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  April 26, 2021

**By ECF**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Everytown For Gun Safety Support Fund* et al. *v. ATF* et al., 21 Civ. 376 (ALC)

Dear Judge Carter:

      This Office represents the Government in this Administrative Procedure Act matter related to the issuance of a federal firearms license by the Bureau of Alcohol, Tobacco, and Firearms and Explosives ("ATF"). Under the schedule previously endorsed by the Court, the Government will be producing an administrative record ("AR") comprising over 700 pages to Plaintiffs today. I write respectfully to request leave to file portions of the AR under seal and to request entry of a protective order governing the use of a subset of law-enforcement related records to be included in the AR.

      <u>Leave to File Portions Under Seal</u>

      In accordance with Rule 6(C)(ii) of the Court's Individual Practices, ATF requests leave to file portions of the AR under seal such that the publicly-docketed version will contain certain redactions necessary to: protect law-enforcement-sensitive information and comply with statutory obligations to shield disclosure of "trace information," as well as withhold personally-identifying information ("PII"). While judicial documents are accorded a presumption of public access, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1).

      As the declaration submitted by ATF in support of its application attests, portions of the AR consist of logs, reports, and other records wholly derived from the contents of the Firearms Trace System Database, public disclosure of which Congress has prohibited. Declaration of Megan A. Bennett ¶ 9 (citing statute).[1] In addition, pages ATF 712-746 of the AR contain privileged law enforcement information outlining ATF procedures for conducting certain investigations and taking certain enforcement actions; disclosure of this information would compromise the integrity of ongoing and future ATF operations. *Id*. ¶¶ 5-6. Finally, discrete

---

[1] The relevant pages of the AR are ATF 0142-144; ATF 0149-150; ATF 0179-182; ATF 0186; ATF 209; ATF 0213-214; ATF 0229-231; ATF 0233-234; ATF 0238-243; ATF 0248-253; ATF 0257; ATF 0272-281; ATF 0287-292; ATF 0342-346; ATF 0349; ATF 0351-377; ATF 0416-425; ATF 0427; ATF 0428-429; ATF 0431-432; ATF 0434-471; ATF 0583; and ATF 0585.

redactions made in the AR are necessary to shield PII, including addresses, driver's license numbers, and credit card numbers, the release of which would constitute an unwarranted invasion of privacy that would not shed any light on the subject matter of this litigation. *Id*. ¶¶ 11-12. All of the foregoing are appropriate bases for filing documents under seal with appropriate and narrow redactions made on the public docket. *See Everytown for Gun Safety Support Fund v. ATF*, 984 F.3d 30, 42 (2d Cir. 2020) (holding that Congress intended for firearm trace system data to be shielded from disclosure in FOIA context); *Lugosch*, 435 F.3d at 120 ("countervailing factors [to common law right of public access] include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure'") (citation omitted).

While the Government seeks to produce portions of pages ATF 712-746 subject to entry of a Protective Order as described below, those pages contain law-enforcement privileged information, disclosure of which would not be appropriate even with entry of the Protective Order. *See Kusuma Nio v. Dep't of Homeland Security*, 314 F. Supp. 3d 238, 243 (D.D.C. 2018) (explaining that "notwithstanding . . . clear relevance" to APA claim, information covered by the law enforcement privilege may "be withheld from Plaintiffs, and provided only to the Court for *in camera* review"). Accordingly, the version of the AR that the Government will produce to Plaintiffs subject to the provisions of the proposed Protective Order will contain redactions to protect that privileged information. An unredacted version of the complete AR, including without the redactions within pages ATF 712-746, accordingly will be filed *ex parte* under seal to enable the Court's review. The version of the AR as produced to Plaintiffs will also be filed under seal and accessible to the parties for the Court's reference, in addition to the redacted version of the AR filed on the public docket.[2]

Plaintiffs consent to the request to file under seal, reserving their right to challenge the redactions after receiving the documents.

<u>Entry of Protective Order</u>

The Government also respectfully requests that the Court enter a Protective Order governing the use of sensitive law-enforcement records disclosed to Plaintiffs as part of this litigation, as found on pages ATF 712-746. Courts in this District have routinely entered orders to protect such records. *See United States v. Smith*, 985 F. Supp. 2d 506, 531 (S.D.N.Y. 2013) (collecting cases). Accordingly, the Government has submitted a proposed Protective Order through ECF pursuant to the Local Rules for the Court's consideration and entry. While the rest of the AR will be produced today, the Government respectfully seeks leave to await entry of the Protective Order before producing pages ATF 712-746 forthwith to Plaintiffs. Plaintiffs consent to the Government's application, reserving their right to request modification of the Protective Order upon review of the records at issue.

---

[2] The Government notes that the AR filed under seal contains a number of discrete redactions on the first two pages: these redactions of what appear to be PII were evidently made previously in the context of FOIA litigation, and the pages with these pre-existing redactions were the only versions of these documents that the agency was able to obtain.

      For the reasons stated above, the Court should grant leave to file portions of the AR under seal and with certain redactions on the public docket, and enter a Protective Order governing the use of sensitive law-enforcement-related information. Thank you for your consideration of this matter.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:    /s/_____
STEPHEN CHA-KIM
Assistant United States Attorney
(212) 637-2768
stephen.cha-kim@usdoj.gov

SO ORDERED:

*[Signature]*

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

**April 26, 2021**
The Court grants the government leave to file portions of the AR under seal.