# Exhibit 5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRUCE L. JENNINGS,

    Plaintiff,

v.                                     Case No. 6:08-CV-833-ORL-18GJK

MICHAEL MUKASEY; the UNITED
STATES DEPARTMENT OF JUSTICE,
the UNITED STATES ATTORNEY'S
OFFICE FOR THE MIDDLE DISTRICT
OF FLORIDA, and ROBERT O'NEILL

    Defendants.

## **ANSWER**

    COMES NOW, the Defendants, by and through the undersigned Assistant United States Attorney, and for its Answer to Plaintiff's Complaint, states as follows:

    1. The allegations of paragraph 1 constitute conclusions of law to which no response is required; in the event a response is required, they are denied.

    2. The Defendants admit the allegations of paragraph 2.

    3. The Defendants admit the first sentence of paragraph 3 (regarding the amendment of the Gun Control Act). The remaining allegations of paragraph 3 constitute conclusions of law to which no response is required; in the event a response is required, they are denied.

    4. With respect to the allegations in paragraph 4, the Defendants are without sufficient knowledge to admit or deny when Plaintiff received the

purported order from the San Bernardino Superior Court. The Defendants admit that the purported order from the San Bernardino Superior Court contains the quoted language. The Defendants deny that the purported order grants Plaintiff any relief from his federal firearms prohibition.

5. With respect to the allegations in paragraph 5, the Defendants admit that in 1987, California Penal Code § 1203.4a did not contain an express prohibition on the right to possess a firearm. The allegations that § 1203.4a grants the petitioner an expungement or set aside of a conviction, that it applied to Plaintiff, or that in 1987 the section contained an implied prohibition on the possession of firearms constitute conclusions of law to which no response is required; in the event a response is required, they are denied.

6. With respect to the allegations in paragraph 6, the Defendants admit that correspondence has occurred between the United States Attorney's Office and Plaintiff's counsel. The Defendants deny the remaining allegations.

7. With respect to the allegations in paragraph 7, the Defendants admit that there is a United States Attorney's Office in the Middle District of Florida, with a physical office in Orlando, Florida. The Defendants deny the remaining allegations.

8. With respect to the allegations in paragraph 8, the Defendants are without sufficient knowledge to admit or deny Plaintiff's place of residency. Defendant Robert O'Neill denies that he resides in Orlando, Florida, but admits

2

that he resides in Florida, has an office in Orlando, Florida, and may be served at the address indicated. The Defendants admit the remaining allegations of paragraph 8.

9. With respect to the allegations in paragraph 9, the Defendants admit that from on or about 1981 through 1999, Plaintiff possessed a Federal Firearms License (FFL) and was engaged in the firearms business in Nevada, doing business as B.L. Jennings, Inc. as a firearms distributor. The allegation in paragraph 9 that Plaintiff engaged in this business "lawfully" constitutes a conclusion of law to which no response is required.

10. The Defendants admit the allegations of paragraph 10.

11. The Defendants admit the allegations of paragraph 11.

12. The Defendants admit the allegations of paragraph 12.

13. The Defendants are without sufficient information to admit or deny the allegations in paragraph 13.

14. The Defendants are without sufficient information to admit or deny the allegations in paragraph 14.

15. The Defendants admit the allegation in paragraph 15.

16. The allegation in paragraph 16 is a subjective belief of Plaintiff and the Defendants are without sufficient knowledge to admit or deny the allegation.

17. With respect to the allegations in paragraph 17, the Defendants admit that Plaintiff conducted his business in Nevada after October 17, 1987 and that

he maintained a FFL issued by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). The remaining allegations constitute either the subjective beliefs of Plaintiff, which the Defendants are without sufficient knowledge to admit or deny, or constitute conclusions of law to which no response is required; in the event a response is required, they are denied.

18. With respect to the allegations in paragraph 18, the Defendants admit the allegations that ATF sent the notice to Plaintiff in early 1999 that his conviction of a misdemeanor crime of domestic violence (MCDV) was grounds for revocation of his FFL under 18 U.S.C. § 922(g)(9). The Defendants deny that the notice sent to Plaintiff contained only one ground for revocation of his license and affirmatively allege that ATF had also listed as a ground for revocation the fact that Plaintiff had not disclosed his MCDV conviction on his FFL renewal application in 1998.

19. With respect to the allegations in paragraph 19, because Plaintiff has not identified the representative of ATF with whom he alleges he spoke, the Defendants at this time are without sufficient knowledge to admit or deny Plaintiff's allegation that such a conversation took place.

20. The allegations in paragraph 20 contain statements of Plaintiff's subjective belief, about which the Defendants are without sufficient knowledge to admit or deny. Furthermore, the Defendants are without sufficient knowledge to

admit or deny whether Plaintiff consulted private counsel at the time and place alleged.

21. With respect to the allegations in paragraph 21, the Defendants are without sufficient knowledge to admit or deny any allegation with respect to the public's knowledge or ignorance of the expungement and set aside requirements of California criminal justice and the extent it is a current problem within California.  Plaintiff's characterization of the California Supreme Court's decision in People v. Navarro, 7 Cal.3d 248, 279-289 (1972) constitutes a conclusion of law to which no response is required; in the event a response is required, it is denied.

22. With respect to the allegations in paragraph 22, the Defendants admit that on September 23, 1999, the Superior Court of San Bernardino issued an Order granting Plaintiff relief and admit that Exhibit A of the Complaint is a true and correct copy of the Order.  The Defendants deny that the Order contains an express prohibition on possessing firearms, but admit that the prohibition is included by express reference to California Penal Code § 1203.4(a).  The allegations that this Order had the legal effect of an expungement or that the order was erroneously issued under § 1203.4(a) constitute legal conclusions of law to which no response is required; in the event a response is required, they are denied.  The allegation that Plaintiff believed he was entitled to one type of

relief is part of his subjective belief, about which the Defendants are without sufficient information to admit or deny.

23. With respect to the allegations in paragraph 23, the Defendants admit that ATF revoked Plaintiff's license. The Defendants deny that this revocation occurred on March 25, 2004 but admit that it occurred on March 25, 2003. The Defendants deny that ATF refused to accept the 1999 Order from the Superior Court of San Bernardino, but admit that ATF refused to give the Order the legal significance to it that the Order expunged Plaintiff's MCDV conviction and removed his federal firearms disability under 18 U.S.C. § 922(g)(9).

24. The Defendants admit the allegations of paragraph 24 that Plaintiff's counsel filed the petition for review and that the District Court upheld the ATF's revocation of Plaintiff's FFL. The Defendants deny the allegation that a reason for the petition for review included an error on the part of Plaintiff's counsel in seeking relief under California Penal Code § 1203.4(a) instead of § 1203.4a but admit that Plaintiff did raise this later argument before the District Court. The Defendants deny the allegation that the District Court refused to consider Plaintiff's argument about the mistake and affirmatively allege that the District Court did consider the argument then subsequently rejected such argument.

25. With respect to the allegations in paragraph 25, the allegation that characterizes the 1999 Order as a "mistake and/or error made by Jennings' former counsel in 1999" constitutes a conclusion of law to which no response is

6

required; in the event a response is required, it is denied. The Defendants admit the remaining allegations of paragraph 25.

26. The Defendants were not a party to the action described in paragraph 26 and are without sufficient knowledge to admit or deny that Exhibits B and C are true and correct copies. Furthermore, notwithstanding the allegation that the Rancho Cucamonga Office of the San Bernardino County District Attorney had been served, the Defendants are without sufficient knowledge to admit or deny if that office had in fact been served.

27. The Defendants were not a party to the action described in paragraph 27 and are without sufficient knowledge to admit or deny that Exhibits D, E, and F (with its incorporated attachments) are true and correct copies.

28. With respect to the allegations in paragraph 28, the Defendants admit that on December 8, 2005, a judge with the San Bernardino Superior Court signed an Order that purported to grant relief to Plaintiff under California Penal Code § 1203.4a, which was on the same date as letters that purportedly notified the judge of the issue, and that Exhibit G is a true and correct copy of such Order. The Defendants were not a party to this action and are without sufficient knowledge to admit or deny what matters the judge had before him on December 8, 2005, what he took under advisement, what determinations he made with respect to a hearing, or when Plaintiff learned of this decision. The Defendants are unaware to which Government attorney Plaintiff is referring, who purportedly

7

learned of the decision, and can therefore neither admit or deny the allegation. The allegation that this Order removes Plaintiff's disability to possess firearms is denied.

29.  The Defendants admit the allegations in paragraph 29.

30.  With respect to the allegations in paragraph 30, the Defendants admit that the Ninth Circuit denied Plaintiff's motion to consider the December 8, 2005 Order as not relevant to the judicial proceedings and that the Ninth Circuit held that Plaintiff's conviction was not expunged.  The Defendants deny the remaining allegations.

31.  With respect to the allegations in paragraph 31, the Defendants admit that Exhibit I contains true and correct copies of California Penal Code §§ 1203.4 and 1203.4a, as they existed in 1987.  The Defendants deny the allegations that these statutes granted Plaintiff an expungement of his MCDV conviction.

32.  With respect to the allegations in paragraph 32, the Defendants admit that the 2005 Order contained the language alleged.  The Defendants deny any allegation that this Order granted Plaintiff an expungement of his MCDV conviction.

33.  With respect to the allegations in paragraph 33, the Defendants admit that in 1987 California Penal Code § 1203.4 did contain an express prohibition on firearms and § 1203.4a did not contain such an express prohibition.  The

Defendants deny the allegations that this language assured Plaintiff the legal relief of an expungement for purposes of 18 U.S.C. § 921(a)(33)(B)(ii).

34. With respect to the allegations in paragraph 34, the Defendants admit the California Legislature amended California Penal Code § 1203.4a in 1988 to include an express prohibition on the possession of firearms.

35. The Defendants deny the allegations in paragraph 35. Specifically, the Defendants deny the allegation that Plaintiff's purported relief in the 2005 Order relieved him of a federal firearms prohibition.

36. The Defendants admit that 18 U.S.C. § 921(a)(33)(B)(ii) contains the language quoted by Plaintiff in paragraph 36. The remaining allegations constitute conclusions of law that require no response; in the event a response is required, they are denied.

37. With respect to the allegations in paragraph 37, the Defendants admit that the 2005 Order contains no express prohibition to possess firearms. The Defendants deny that Plaintiff may possess firearms under federal law.

38. The Defendants are without sufficient information to admit or deny the allegations in paragraph 38.

39. The Defendants are without sufficient information to admit or deny the allegations in paragraph 39.

40. With respect to the allegations in paragraph 40, the Defendants admit that Jimenez Arms was aware of Plaintiff's and B.L. Jennings, Inc.'s proceedings

9

in bankruptcy. Except as expressly admitted, the Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 40.

41. The Defendants are without sufficient information to admit or deny the allegations in paragraph 41.

42. With respect to the allegations in paragraph 42, the Defendants admit that Jimenez Arms purchased handguns from the Plaintiff's bankruptcy estate. The Defendants deny that this purchase occurred in late 2007 and 2008. By way of further answer, the Defendants, on information and belief, affirmatively state that Jimenez Arms' purchase of these handguns occurred pursuant to a court order issued on November 4, 2005. The Defendants deny that Jimenez Arms agreed to cut the handguns prior shipping them to Nevada. By way of further answer, the Defendants affirmatively state that the bankruptcy court ordered the handguns to be cut prior to shipping them. The Defendants admit that Jo Anne Rushpler was involved with the cutting of the handguns. The Defendants are without sufficient information to admit or deny the allegations that Jimenez Arms hired Ms. Rushpler, maintained any kind of employer-employee relationship with her, or the purpose of any such hiring of Ms. Rushpler. The Defendants are without sufficient information to admit or deny that Ms. Rushpler was the fiancee of Plaintiff. The Defendants admit that several individuals were paid to cut the handguns. The Defendants are without sufficient information to admit or deny

that Jimenez Arms maintained an employer-employee relationship with these individuals involved with cutting the handguns.

43. The Defendants admit the allegations in paragraph 43.

44. With respect to the allegations in paragraph 44, the Defendants admit that ATF Special Agent Anna-Kim Hedden, who was based out of one of ATF's Florida offices, met with Jimenez Arms representatives on February 22, 2008 in connection with the investigation of Randall Jackson's theft of firearms. The Defendants deny that Special Agent Hedden notified the Jimenez Arms representatives at this February 22, 2008 meeting that it was the Defendants' position that Plaintiff was a prohibited person. By way of further answer, the Defendants affirmatively state that Special Agent Hedden did notify Jimenez Arms that this was the Defendants' position regarding Plaintiff's prohibited status during a phone conversation with a Jimenez Arms representative on March 4, 2008. The Defendants deny that Special Agent Hedden informed Jimenez Arms that Plaintiff could not possess firearms without violating federal criminal statutes. The Defendants are without sufficient knowledge to admit or deny whether Jimenez Arms notified Plaintiff about Defendants' belief that Plaintiff was a prohibited person.

45. With respect to the allegations in paragraph 45, the Defendants admit that Assistant United States Attorney (AUSA) Eckhart had a conversation with Plaintiff's counsel, that the conversation included the Defendant's interpretation

11

of federal law that Plaintiff was prohibited from possessing firearms, and that Plaintiff risked prosecution if he were to possess firearms because of that prohibition. The Defendants are without sufficient information about what "this threat to others" means in the last sentence of the paragraph to be able to admit or deny the substance of such an allegation.

46. The allegation in paragraph 46 constitutes a conclusion of law that requires no response; in the event a response is required, it is denied.

47. With respect to the allegations of paragraph 47, the Defendants admit that ATF delivered a letter to Jimenez Arms on or about May 20, 2008 to its facility in Henderson, Nevada. The Defendants admit that this letter stated that Jimenez Arms faced potential prosecution under 18 U.S.C. § 921(d)(9) for providing firearms to Plaintiff, a person that it reasonably knew to be a prohibited person, and under § 921(g)(9) by aiding and abetting Plaintiff in obtaining firearms in violation of 18 U.S.C. § 2. The Defendants admit that the letter stated that Jimenez Arms needed to take affirmative steps to remove any firearms it had previously transferred to Plaintiff's actual or constructive possession and its failure to do so may result in prosecution and/or revocation of its FFL under 18 U.S.C. § 923(e). Except as expressly admitted, the Defendants deny the remaining allegations in the paragraph.

12

48. The allegations of paragraph 48 are the subjective beliefs and intentions of Plaintiff and the Defendants are without sufficient knowledge to admit or deny the allegations.

49. The allegations in the first and third sentences of paragraph 49 constitute conclusions of law that require no response; in the event a response is required, they are denied. The allegation in the second sentence of paragraph 49 is the subjective belief of Plaintiff and the Defendants are without sufficient knowledge to admit or deny the allegation.

50. The allegations in paragraph 50 constitute conclusions of law that require no response; in the event a response is required, they are denied.

The remainder of the Complaint is the Prayer for Relief, to which no response is required.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to invoke federal jurisdiction and thus this Court lacks subject matter jurisdiction.

2. Plaintiff has failed to establish a waiver of the United States' sovereign immunity as the real party in interest and thus this Court lacks subject matter jurisdiction.

3. Plaintiff is barred by issue preclusion because he has fully litigated this identical issue in the Ninth Circuit.

13

4. The 2005 Order that purports to grant Plaintiff relief under California Penal Code § 1203.4a was issued in excess of the rendering court's jurisdiction because Plaintiff is plainly outside of the class of petitioners provided for in the statute, thus the Order is void, and the Order is not entitled to any deference under the Full Faith and Credit Clause of the United States Constitution, Art. IV, § 1 or 28 U.S.C. §1738.

5. The relief provided for under California Penal Code § 1203.4a does not rise to the level of an expungement under federal law and therefore does not remove Plaintiff's federal firearms disability under 18 U.S.C. § 922(g)(9).

6. The Defendants hereby specifically preserve any and all other defenses, not currently known, which it has or through discovery it learns may be applicable.

**WHEREFORE,** having fully answered all counts of the Complaint, Defendant prays that Plaintiff take nothing by way of his Complaint, that the same be dismissed, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

Dated: October 3, 2008            Respectfully submitted,

                                    ROBERT E. O'NEILL
                                    United States Attorney

            By     /s/ Ralph E. Hopkins
                         Ralph E. Hopkins
                         Assistant United States Attorney
                         Florida Bar No. 0972436
                         501 West Church Street, Suite 300
                         Orlando, Florida 32805
                         407/648-7500
                         FAX 407/648-7588
                         ralph.hopkins@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 3, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Dennis Michael Hudson, Jr., Esquire
dhudson@butlerpappas.com

James C. Sabalos, Esquire
jimsabalos@hotmail.com

R. Steven Rawls, Esquire
rrawls@butlerpappas.com

                                     /s/ Ralph E. Hopkins
                                     Ralph E. Hopkins
                                     Assistant United States Attorney